IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff–Appellant,<br><br>           v.<br>SHERMAN KELVIN COMBS,<br>    Defendant–Appellee. | No. 23-5121 |

**GOVERNMENT'S STATUS REPORT REGARDING**
***UNITED STATES v. RAHIMI***

In this case, the United States appeals the district court's order dismissing Count 1 of an indictment against Defendant–Appellee Sherman Kelvin Combs, which charged him with possessing a firearm while subject to a domestic-violence restraining order, in violation of 18 U.S.C. § 922(g)(8). On January 30, 2024, this Court entered an order holding the government's appeal in abeyance pending the Supreme Court's decision in *United States v. Rahimi*, No. 22-915. The Court ordered counsel for the government to "file a status report every 60 days or upon issuance of a decision in *Rahimi*, whichever occurs earlier." Doc. 23. The government previously filed status reports on April 1 and June 4, 2024.

Today, the Supreme Court issued its decision in *Rahimi*. In an 8-1 opinion authored by the Chief Justice, the Court held that § 922(g)(8) is constitutional because "[a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." Slip Op. 17.

*Rahimi* effectively resolves the issues in this appeal. The only daylight between this case and *Rahimi* is that the restraining order in *Rahimi* satisfied § 922(g)(8)(C)(i) because it included a judicial "finding that [the defendant] represent[ed] credible threat to the physical safety" of a protected person. Here, the restraining order satisfied § 922(g)(8)(C)(ii) because it "prohibit[ed] the use, attempted use, or threatened use of physical force." Because the *Rahimi* majority found "ample evidence" to support § 922(g)(C)(i), it had no need to "decide whether regulation under Section 922(g)(8)(C)(ii) is also permissible." *Rahimi* Slip Op. 8-9. But, as the government's briefs explain (Opening Br. 13; Reply Br. 19-20), a court ordinarily will enter a prohibition satisfying § 922(g)(8)(C)(ii) only if "evidence credited by the court reflected a real threat or danger of injury to the protected party by the party enjoined." *United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001). Thus, even an order that on its face satisfies only § 922(g)(8)(C)(ii) ordinarily reflects a

judicial "finding that an individual poses a credible threat to the physical safety of an intimate partner." *Rahimi* Slip Op. 5.

The government believes that the current briefing is adequate to address the narrow issue left unresolved by *Rahimi* and that this Court should reverse the district court's dismissal of Count 1. But the government is willing to submit supplemental briefing if requested by the Court.

Respectfully submitted,

s/William A. Glaser
WILLIAM A. GLASER
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave, NW, St. 1264
Washington, D.C. 20530
(202) 532-4495
William.Glaser@usdoj.gov

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 410 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Calisto MT 14-point type.

s/William A. Glaser<br>
WILLIAM A. GLASER